IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH CLAY, Petitioner, | : : : | PRISONER HABEAS CORPUS 28 U.S.C. § 2254 |
| v. | : : | |
| MUSCOGEE COUNTY, CITY OF COLUMBUS, GEORGIA, Respondent. | : : : | CIVIL ACTION NO. 1:17-CV-2030-TWT-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner is confined at the Muscogee County Jail in Columbus, Georgia. (Doc. 1-1 at 1.) Petitioner, pro se, sent the Court a complaint prepared on a 42 U.S.C. § 1983 form, in which he appears to challenge his judgment of conviction entered in the Superior Court of Muscogee County. (*Id.*) Petitioner attached to his complaint copies of the indictment, sentence, and other documents from his criminal case in that court. (*Id.* at 13; Doc. 1-2.) Petitioner also attached a current affidavit from a trial witness that purports to exonerate Petitioner. (Doc. 1-2 at 7.)

Petitioner's claim is that he "was convicted in the Superior Court without a single Judicial Proceeding on the matter" and that Muscogee County officials "violated his Due Process by conducting a Secret Proceeding." (*Id.* at 10.) Petitioner seeks expungement of all charges for which he was convicted and damages. (*Id.*)

The undersigned finds that Petitioner's complaint is most properly construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. But whether construed as a § 2254 petition or a § 1983 complaint, this Court is not the proper venue for Petitioner's action. Petitioner complains only of his criminal case adjudicated in Muscogee County, which is within the jurisdiction of the U.S. District Court for the Middle District of Georgia. If the complaint is construed as a civil rights action under § 1983, venue is proper only in that district. *See* 28 U.S.C. § 1391(b).

The same is true if the complaint is construed as a habeas action under § 2254. A state prisoner may file a habeas petition in the federal district within which the prisoner was convicted or in the federal district within which the prisoner is confined. 28 U.S.C. § 2241(d). Petitioner is confined in the Middle District and was convicted there. (Doc. 1-1 at 1.) Moreover, it is the long-standing policy and practice of the U.S. District Courts in Georgia to adjudicate all habeas petitions in the district within which the challenged judgment of conviction was rendered. The Middle District is thus the only district in which Petitioner's habeas claims can be adjudicated.

Accordingly, the undersigned **RECOMMENDS** that the Court **TRANSFER** this action to the U.S. District Court for the Middle District of Georgia, Columbus Division, for further proceedings. The Court **DIRECTS** the Clerk to reflect on the

AO 72A
(Rev.8/82)

docket that this is a habeas corpus action under 28 U.S.C. § 2254, although such designation shall not restrict the receiving court in its adjudication of the case.

**SO ORDERED & RECOMMENDED**, this 14 day of June, 2017.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)